IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02563-BNB

ANTHONY ANDERSON,

    Applicant,

v.

RICK RAEMISCH, Executive Director of CDOC,
WARDEN LENGERICH, Buena Vista Correctional Facility,

    Respondents.

---

ORDER DIRECTING RESPONDENTS TO FILE
AMENDED PRELIMINARY RESPONSE

---

    Applicant, Anthony Anderson, is a prisoner in the custody of the Colorado Department of Corrections at the correctional facility in Buena Vista, Colorado. Mr. Anderson, acting *pro se*, filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (ECF No. 3), together with a certificate of the warden as to the amount of money currently on deposit in his inmate trust fund account. The § 1915 motion (ECF No. 3), was granted.

    As part of the preliminary consideration of the Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 in this case and pursuant to *Keck v. Hartley*, 550 F. Supp. 2d 1272 (D. Colo. 2008), the Court determined that a limited Preliminary Response is appropriate. Therefore, on September 17, 2014, Respondents were directed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts to file a Preliminary Response limited to addressing the affirmative

defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). *See* ECF No. 4. The September 17 order informed Respondents that if they did not intend to raise either of these affirmative defenses, they must notify the Court of that decision in the Preliminary Response. The September 17 order directed Respondents not to file a dispositive motion as the Preliminary Response, or an Answer, or otherwise address the merits of the claims.

Lastly, the September 17 order told Respondents that, in support of the Preliminary Response, they should attach as exhibits all relevant portions of the state court record, including but not limited to copies of all documents demonstrating whether this action is filed in a timely manner and/or whether Applicant has exhausted state court remedies.

The September 17 order allowed Applicant to reply to the Preliminary Response and provide any information that might be relevant to the one-year limitation period under 28 U.S.C. § 2244(d) and/or the exhaustion of state court remedies. Applicant was directed to include information relevant to equitable tolling, specifically as to whether he has pursued his claims diligently and whether some extraordinary circumstance prevented him from filing a timely 28 U.S.C. § 2241 action in this Court.

On October 8, 2014, Respondents submitted their Preliminary Response (ECF No. 7) recommending that the Court dismiss this action for failure to exhaust state remedies. In support of this argument, the October 8 response specifically notes that:

> "Anderson could challenge the calculation and application of time credits to his sentence in a civil action filed in the Colorado courts pursuant to a Petition for a Writ of Habeas Corpus and/or a Petition for Mandamus."

ECF No. 7 at 3.

Respondents contend that Applicant has failed to do so, citing to the Colorado State Court Data Access database, but copies of the documents they examined to make this determination have not been provided. Respondents also fail to provide any law, case or otherwise, indicating that Applicant is required to file a petition for a writ of habeas corpus and/or a petition for mandamus in state court in order to exhaust state remedies.

Respondents will be directed to supplement the current record before the Court by filing an amended Preliminary Response that provides this missing information and stands on its own without reference to the October 8 Preliminary Response. Applicant need not reply to the October 8 Preliminary Response because he will be given an opportunity to respond to the amended Preliminary Response Respondents will be directed to file.

Accordingly, it is

ORDERED that **within twenty-one days from the date of this Order** Respondents shall file an amended Preliminary Response that complies with this Order. It is

FURTHER ORDERED that **within twenty-one days of the filing of the amended Preliminary Response** Applicant may file a Reply, if he desires. It is

FURTHER ORDERED that if Respondents do not intend to raise either of the affirmative defenses of timeliness or exhaustion of state court remedies, Respondents

must notify the Court of that decision in the amended Preliminary Response.

DATED October 9, 2014, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge