IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02563-GPG

ANTHONY ANDERSON,

    Applicant,

v.

RICK RAEMISCH, Executive Director of CDOC,
WARDEN LENGERICH, Buena Vista Correctional Facility,

    Respondents.

---

ORDER OF DISMISSAL

---

    Applicant, Anthony Anderson, is in the custody of the Colorado Department of Corrections (CDOC) and is incarcerated at the correctional complex in Buena Vista, Colorado.  Mr. Anderson has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  (ECF No. 1).  He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

    On September 17, 2014, Magistrate Judge Boland directed the Respondents to file a Preliminary Response addressing the affirmative defenses of failure to exhaust state court and administrative remedies, and the timeliness of the Application. Respondent filed a Preliminary Response on October 8, 2014 asserting the affirmative defense of failure to exhaust state court remedies.  (ECF No. 7).  On October 9, 2014, Magistrate Judge Boland directed Respondents to amend the Preliminary Response to include documentation relevant to the exhaustion issue.  (ECF No. 8). Respondents submitted an Amended Preliminary Response on October 28, 2014.  (ECF No. 9; *see*

*also* restricted document, ECF No. 10).  Applicant thereafter filed a Reply to the Preliminary Response on November 24, 2014.  (ECF No. 14).

The Court must construe the Application liberally because Mr. Anderson is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the § 2241 Application will be dismissed.

Mr. Anderson alleges in the Application that he "was notified that after he had served approximately 5 years (on a 48 year sentence) that all the accumulated earn time he was awarded would now be taken pur. to CDOC Administrative Regulation 550-04 and . . . C.R.S. § 17-22.5-403(3)." (ECF No. 1, at 1).  Applicant was informed by prison officials that although his current crimes are not considered "violent," his prior offenses are "violent," as reflected by statements made in the pre-sentence report.  Mr. Anderson alleges that the police arrest report and trial transcripts demonstrate that he did not use or possess a weapon for his prior offenses.  According to Applicant, the CDOC has concluded, based on its erroneous application of C.R.S. § 17-22.5-403(3), that he "must serve at least 75% of his time before being eligible for parole" (ECF No. 1, at 5), instead of being parole eligible upon service of 50% of his sentence.  For relief, he asks that the Court order his earned time credits restored; that the CDOC correct the factual errors in his pre-sentence report; and, declare that AR 55-04 and C.R.S. § 17-22.5-403(3) do not apply to him.

**I. Exhaustion of State Court Remedies**

Respondents argue in the Amended Preliminary Response that Mr. Anderson has failed to exhaust available state court remedies for his claims challenging the CDOC's calculation of his parole eligibility date. (ECF No. 9).

A habeas petitioner under § 2241 is required to exhaust both state court and administrative remedies. *Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002); *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). The petitioner "must have first fairly presented the substance of his federal habeas claim to state courts." *Hawkins v. Mullin*, 291 F.3d 658, 668 (10th Cir. 2002); *Picard v. Connor*, 404 U.S. 270, 278 (1971) ("Fair presentation" requires that the "substance of a federal habeas corpus claim" must have been presented to the state courts.). The exhaustion requirement is satisfied if the petitioner presents his claim through one "complete round of the State's established appellate review process." *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (citations and internal quotation marks omitted). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. 2254(c). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Respondents contend that Applicant has an available state court remedy in the context of both a mandamus action under Colo. R. Civ. P. 106(a)(2), and a declaratory judgment action under Colo. R. Civ. P. 57. *See Koucherik v. Zavaras*, 940 P.2d 1063, 1064 (Colo. App. 1996) (declaratory judgment); *Outler v. Norton*, 934 P.2d 922, 924-26 (Colo. App. 1997) (mandamus), *overruled on other grounds*; *Meredith v. Zavaras*, 954

P.2d 597, 603 (Colo. 1998); *Busch v. Gunter*, 870 P.2d 586, 587-88 (Colo. App. 1993) (declaratory judgment)*; Hill v. Colorado Dep't of Corr*., No. 08CA2522 (Colo. App. Aug. 26, 2010) (unpublished) (mandamus and declaratory judgment) (*See* ECF No. 9-1). Mr. Anderson concedes that he did not challenge the CDOC's calculation of his parole eligibility date pursuant to Colo. R. Civ. P. 106(a)(2), or file a declaratory judgment action under Colo. R. Civ. P. 57.  (*See generally* ECF No. 14).  Further, it appears that this relief is available to him to challenge the CDOC's calculation of his parole eligibility date.  *See Hill* (ECF No. 9-1, at 12-13) (recognizing that claims challenging the CDOC's calculation of a parole eligibility date, based on C.R.S. § 17-22.5.403, may be asserted in a mandamus action or a declaratory judgment action) (collecting cases).

Applicant asserts that he satisfied the exhaustion requirement by filing a motion to correct records in his state criminal action, in which he asserted that he was being denied earned– and good–time credits because of factual errors in his pre-sentence report, which allowed the CDOC "to use [C.R.S.] 17-22.5-403(3) against him."  (ECF No. 14, at 2).  The Colorado Court of Appeals affirmed the trial court's order denying the motion on the ground that Applicant's "challenge to the denial of earned time credit is not cognizable in the context of a criminal case because it challenges the actions of the DOC, no the sentence imposed by the trial court."  (*Id.* at 5).

The Court finds that Mr. Anderson has failed to exhaust all available state court remedies.  *See Castille v. Peoples*, 489 U.S. 346, 351 (1989) (presenting a claim to the state courts for the "first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor" does not constitute "fair presentation.") (internal citations omitted).   However, even if Mr.

Anderson had exhausted his state court remedies, he does not demonstrate a colorable claim for relief under § 2241.

## II. Right to Federal Habeas Relief

Colorado law expressly authorizes the DOC to "withhold" or "withdraw" any "earned time deduction[s]" for inmates who were sentenced for crimes committed on or after July 1, 1985. C.R.S. § 17.22.5-302(4). Mr. Anderson's allegations indicate that he was sentenced for his current offense after July 1, 1985. Accordingly, under Colorado law, any earned time deductions that Mr. Anderson receives do "not vest upon being granted and may be withdrawn [by the CDOC] once they [are] granted." *Id.* Because the award of earned-time credits to Applicant is within the discretion of prison officials, he does not have a constitutionally protected liberty interest in earned-time credits. *See Fogle v. Pierson*, 435 F.3d 1252, 1262 (10th Cir. 2006). As such, even assuming that the CDOC deducted earned-time credits as a result of classifying him improperly as a violent offender, Mr. Anderson cannot establish a violation of the United States Constitution that would entitled him to federal habeas corpus relief. *See* 28 U.S.C. § 2241(c)(3) (stating that "[t]he writ of habeas corpus shall not extend to a prisoner unless– . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States.").

Further, in Colorado, earned-time credits do not count as service of an inmate's sentence, *see Rather v. Suthers*, 973 P.2d 1264, 1266 (Colo.1999), but instead function only to establish parole eligibility, *see Jones v. Martinez*, 799 P.2d 385, 387-88 and n.5 (Colo.1990) (collecting cases). *Cf. Thiret v. Kautzky*, 792 P.2d 801, 805-07 (Colo.1990) (recognizing an exception for inmates sentenced to a crime committed after July 1,

1979, but before July 1, 1985, who are normally entitled to mandatory, not discretionary, parole (except for sex offenders)).  Therefore, even if Mr. Anderson was awarded all of the earned time credits to which he claims an entitlement, he would not be assured immediate or speedier release.  *See Kailey v. Price*, No. 12-1276, 497 F. App'x 835, 836-37 (10th Cir. Sept. 27, 2012) (unpublished) (citing *Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005) ("[H]abeas corpus is the only avenue for a challenge to the fact or duration of confinement, at least when the remedy requested would result in the prisoner's immediate or speedier release from that confinement.") (emphasis in original omitted); *see also Frazier v. Jackson*, No. 09-1429, 385 F. Appx. 808, 810-11 (10th Cir. 2010) (unpublished) ("An application for habeas relief may be granted only when the remedy requested would result in the prisoner's immediate or speedier release from confinement.").  Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1), filed by Applicant, Anthony Anderson, on September 16, 2014, is DENIED and this action is DISMISSED.  It is

FURTHER ORDERED that no certificate of appealability will issue because jurists of reason would not debate the correctness of the procedural ruling and Mr. Anderson has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied for the purpose of appeal.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Anderson files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in*

*forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. It is

FURTHER ORDERED that the Motion for Leave to File Exhibit A-2 in Support of Respondents' Amended Preliminary Response (Doc. 9) as a Level 2 Restricted Document (ECF No. 12) is GRANTED based on Respondents' representations that the state courts require the Colorado Access Database record (filed as a restricted document in ECF No. 10) to be kept confidential.

DATED January 13, 2015. at Denver, Colorado.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court